U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 29 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES WILLIAMS** | **CIVIL ACTION NO. 2:15-02540** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **ZURICH AMERICAN INS. CO** | **MAG. JUDGE KAY** |

## MEMORANDUM RULING

Before the court is "Zurich American Insurance Company's Motion for Summary Judgment" (R. #11) wherein the defendant "Zurich" seeks to dismiss the instant lawsuit because under the terms of the policy, plaintiff is not an "insured."

## STATEMENT OF FACTS

On April 10, 2014, plaintiff, James Williams, was struck by Sherry Plaquette's vehicle while standing in the I-10 Service Road as he assisted a truck back up from the Chevron Service Station. Mr. Williams filed this lawsuit for the injuries he sustained on that date while in the course and scope of his employment with St. Charles Gaming Company d/b/a Isle of Capri Casino (the "Casino"). At the time of the accident Zurich was the uninsured/underinsured carrier for the vehicle owned by the Casino. Mr. Williams was not in the vehicle, nor was he getting in, out or off of the vehicle when the accident happened. At the time of the accident, Mr. Williams had no physical contact with the vehicle he was assigned.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the

1

light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[8]

## LAW AND ANALYSIS

Mr. Williams has filed suit against Zurich as uninsured/underinsured motorist insurer for the Casino. In their motion for summary judgment, Zurich maintains that there are no issues of

---

[1] Fed. R. Civ. P. 56(c).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[3] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[4] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[5] Anderson, 477 U.S. at 249.
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[8] Anderson, 477 U.S. at 249-50.

2

material fact and as a matter of law, plaintiff's lawsuit should be dismissed because plaintiff is not an "insured" as defined in Zurich's Business Auto Policy. There is no dispute that at the time of plaintiff's accident, Zurich had in full force and effect a policy of insurance on the vehicle driven by Mr. Williams which provided uninsured/underinsured coverage. Zurich relies on Interrogatories and Requests for Production of documents (with attached Police Reports)[9] which reveals that while Mr. Williams was a pedestrian on the I-10 service road in front of the Chevron service station, he was struck by another vehicle operated by Sherry Paquette.[10] Zurich further relies on propounded Requests for Admissions wherein Mr. Williams admitted that at the time of the incident, he was not getting in, out, off or on the vehicle and he had no physical contact with the vehicle owned by the Casino.[11]

Hence, Zurich, also relying on the policy language maintains that because Mr. Williams was not "occupying" the insured vehicle at the time of the accident, he is not an insured. The pertinent provision in Business Auto Policy #924428401 provides as follows:

> **A.** Coverage
>
> > **1.** We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle"
>
> **B.** Who Is An Insured
>
> > If the Named Insured is designated in the Declarations as:

---

[9] Zurich's exhibit A.
[10] Id.
[11] Id.

3

> 2. A partnership, Limited Liability Company, corporation or any other form of organization then the following are "insureds";
>
>    a. Anyone else "occupying" with the Named Insured's express or implied permission a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
>    . . .
>
> F.   Additional Definitions
>
>    As used in this endorsement:
>
> 3. "Occupying" means in, upon, getting in, on, out or off.[12]

Based on the policy language, plaintiff must be "occupying" a covered vehicle at the time of the accident to be covered under the policy.

Zurich cites <u>Valentine v. Bonneville Ins. Co.</u>,[13] wherein the Louisiana Supreme court held that the same policy language as in this case was clear and unambiguous. In <u>Valentine</u>, a deputy sheriff was directing traffic outside his vehicle after a traffic stop; he left the insured vehicle and was standing in the middle of the road directing traffic when he was injured. The UM policy issued to the sheriff's department provided coverage to him only if he was "occupying" a covered auto. The Louisiana Supreme court found no coverage because the deputy sheriff was not "occupying" his patrol car when the accident occurred.

---

[12] Zurich's exhibit E.
[13] 691 So.2d 665 (La. 3/17/97).

4

Plaintiff suggests there is a genuine issue of fact for trial because the exclusion in the Zurich Policy is vague and ambiguous, and there is an issue of fact as to whether or not plaintiff was occupying the vehicle he was assigned at the time of the accident. Plaintiff relies on Ashy v Migues,[14] wherein the court distinguished the circumstances of that case from Valentine. Plaintiff asks the court to do the same in the case sub judice.

In  Valentine, the sheriff deputy left his vehicle to direct traffic. In Ashy, the plaintiff, Sergeant Ashy, left his patrol car solely to reset a flare and then intended to return to his vehicle when he was struck.  Finding that there was coverage, the Louisiana Supreme court concluded that Ashy had  not exceeded the scope of the relationship between an officer and his vehicle.

In this case, plaintiff was assisting another driver back his vehicle; this act, as generous as it was, is not related in any way to Mr. Williams and/or his vehicle. Further buttressing defendant's position is the fact that Mr. Williams admitted that he was not "in," "upon" "getting in," "on" "out" or "off" the insured vehicle, nor did Mr. Williams have any contact with the vehicle.[15]

The court finds that Mr. Williams was not "occupying" the insured vehicle at the time of the accident; therefore, there is no coverage under the Zurich policy.

---

[14] 760 So.2d 440 (La.App. 3 Cir. 4/5/2000).
[15] Plaintiff's exhibit D, Request for Admissions no. 1-8.

5

## CONCLUSION

For the reasons set forth above, the court will grant Zurich's motion for summary judgment dismissing with prejudice the instant lawsuit.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 29th day of November, 2016.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

6